**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| LATIVA MAHAN,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-cv-003834 |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Lativa Mahan ("Plaintiff" or "Mahan") files this Plaintiff's Answer to Defendant's Counterclaim, and in support respectively shows the Court as follows:

This action involves a dispute over the denial of a claim for long-term disability benefits under a disability insurance policy governed by ERISA [1] and administered by Lincoln Life Assurance Company of Boston ("Defendant" or "Lincoln Life"). Mahan filed her complaint on August 12, 2024. Defendant answered and filed its counterclaim on December 27, 2024. There are no other motions pending before this Court.

**COUNTERCLAIM ¶ 1 ANSWER:**

Plaintiff denies the allegations in Counterclaim Paragraph No. 1. Specifically, Plaintiff denies that Defendant conferred a benefit upon Mahan that was not warranted under the terms of the Plan.

Lincoln Life asserts state law counterclaims for breach of contract and unjust enrichment, respectively. However, ERISA's expansive preemption provision,[2] preempts Lincoln Life's state

---

[1] § 1132 (a)(1)(B) of the Employee Retirement Income Security Act

[2] 29 U.S.C. § 1144.

law counterclaims. [3] Further, a federal common law cause of action for unjust enrichment also fails. That is because,"[i]n enacting § 1132(a), Congress appears to have chosen to proscribe the type of monetary relief sought on a claim of unjust enrichment leaving no 'gap' needing filling by the creation of a federal common law remedy." [4] "Declining to recognize a claim for unjust enrichment will not frustrate the policies of ERISA because the Court has already recognized that SGS has a claim for equitable relief under the statute."[5] Therefore, the Defendant's counterclaims for breach of contract and unjust enrichment both fail.

Lincoln Life seeks a constructive trust to be imposed over any benefits from either Lincoln Life or the Social Security Administration currently in the possession of Plaintiff to recover an overpayment of Social Security benefits. (Countercl. at 17) ERISA's civil enforcement provision allows a plan fiduciary to sue "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" [6] The Sixth Circuit has outlined a three-part inquiry to determine whether the requested relief is equitable: "Does the plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the plan, and (3) that are within the possession and control of the defendant beneficiary?"

Lincoln Life's restitution claim would be equitable only if Lincoln Life "specifically

---

[3] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

[4] *Int'l Painters & Allied Trades Ind. Pension Fund v. Aragones*, No. 8:07-cv-1138-T-23TBM, 2008 U.S. Dist. LEXIS 53660, 2008 WL 2415025, at *8 (M.D. Fla. June 12, 2008).

[5] *Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364, 1370 (M.D. Fla. 2005).

[6] 29 U.S.C. § 1132(a)(3).

identifie[s] a particular fund, distinct from the [plaintiff's] general assets . . . and a particular share of that fund to which [Lincoln Life is] entitled." [7] Lincoln Life has not identified a specific amount of funds in its request for a constructive trust. Lincoln Life has no claim in equity for the return of benefits paid to Plaintiff by Lincoln Life, nor for Plaintiff's general Social Security benefits. Lincoln Life has not alleged that the funds mentioned are within the possession or control of Plaintiff.

Here, Lincoln Life does not appear to be seeking to enforce a constructive trust on a specifically identified fund or a specific portion of a fund, but "over *any* benefits from either Lincoln Life or the Social Security Administration currently in the possession of Plaintiff[,]" which would appear to be Plaintiff's general assets. (Countercl at 17) (emphasis added) Lincoln Life has not asserted a property interest in its own overpayment of benefits, but rather in Plaintiff's general Social Security benefits and benefits previously paid by Lincoln Life. The Supreme Court has explained that "one feature of equitable restitution [is] that it [seeks] to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession." [8] Finally, Lincoln Life does not allege that the fund is within Plaintiff's control.[9] Therefore, because Lincoln Life has not alleged sufficient facts to state a cause of action for equitable relief under 29 U.S.C. § 1132(a)(3), its counterclaim seeking a constructive trust also fails.

Defendant's Counterclaim states that "Lincoln Life is entitled to recover. . . attorneys' fees . . . ." (Countercl. at 17) Under ERISA, "the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. §1132(g)(1). To guide a court in exercising the discretion granted by § 1132(g)(1), the Supreme Court found that a fees claimant

---

[7] *Sereboff v. Mid Atl. Med. Servs*., 547 U.S. 356, 364, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006).

[8] *Id*.at 362.

[9] *See Popowski v. Parrott*, 461 F.3d 1367, 1373-74 (11th Cir. 2006) (interpreting two subrogation and reimbursement provisions in light of *Sereboff*).

must show "some degree of success on the merits" before a court may award attorney's fees under § 1132(g)(1). *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (citing) *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). Defendant's claim for attorney's fees pursuant to 29 U.S.C. § 1132 (g) is premature because it has not achieved any success on the merits. Therefore, the court should deny its request for attorney's fees.

## PRAYER

Plaintiff requests that the Court enter judgment, denying Defendant's request for legal damages, and that Mahan, be awarded any such other and further relief for which she may be entitled.

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By: /s/ Britney McDonald
Britney McDonald
Tex. Bar No. 24083158
Fed. ID No. 2621983
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
LATIVA MAHAN

## CERTIFICATE OF SERVICE

I, Britney McDonald, do hereby certify that on this 16th day of January, 2025 a true and correct copy of Plaintiff's Answer to Defendant's Counterclaim was electronically filed with the clerk for the U.S. District Court, Southern District of Ohio, using the electronic case filing system of the court and the electronic case filing system sent a 'Notice of Electronic Filing' to the following CM/ECF Registrants:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254

David Riepenhoff
Fishel Downey Albrecht & Riepenhoff, LLP
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054

/s/ Britney McDonald
Britney McDonald
Attorney-In-Charge for Plaintiff
Lativa Mahan